IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:00-CR-103 |
| ERREESE L. KING, | ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

## **ORDER OF DETENTION**

This case came before the Court on May 26, 2010, for a detention hearing with respect to the potential revocation of Defendant Erreese L. King's supervised release, which was imposed following his service of a one-hundred-twenty-month sentence of incarceration. Assistant United States Attorney Kelly A. Norris was present on behalf of the Government. Assistant Federal Community Defender Laura Davis represented the Defendant, who was also present. The Government sought to have the Defendant detained pending his June 7, 2010 revocation hearing before District Court Judge Thomas A. Varlan, arguing that there were no conditions of release that would reasonably assure his presence in court or the safety of the community.

The Defendant argued that he could be released under the conditions that he live with his wife and nine-year-old daughter and submit to electronic monitoring. Defense counsel proffered that the Defendant was released from prison to a half-way house, where he lived from April 2009 to October 2009. Since his release from prison, he has reported to his probation officer regularly and has not had any positive drug screens. He was working for a roofing company but was laid off in April 2010. He is completing training to be a vacuum cleaner sales representative. He lives with

1

his wife, who works, and helps care for their daughter.

Defense counsel proffered that the Defendant was arrested in February 2010 for aggravated assault. He notified his probation officer of the arrest. The complaining witness Shavona Monroe called the Defendant's probation officer on two occasions, giving two accounts of what had transpired. The Defendant had agreed to a protective order with regard to Ms. Monroe and has been attending a domestic violence intervention group as a condition of this order. He has also appeared for all court dates with regard to this pending state charge. The Defendant was arrested for trespassing in a public housing project on both May 4 and 5, 2010. The Defendant ran into the Walter P. Taylor homes on May 4 and was also arrested there the following day. He did not call his probation officer to notify her of the May 5 arrest.

Defense counsel argued that the Defendant has ties to the community in his wife and daughter and minimal ties outside the community. He is willing to submit to electronic monitoring. None of the events underlying the pending state charges occurred in his home, where he intends to live. Aside from the pending charges, the only violations are associating with a convicted felon and failure to report an arrest to his probation officer. These violations do not constitute clear and convincing evidence that the Defendant is a flight risk or a danger.

The Government called United States Probation Officer Rhonda Monger Lay, who has supervised the Defendant since October 2009. She testified that at the time he began his supervised release, she reviewed the conditions of his release with him. She said the Defendant has now violated three of those conditions of release. She stated that the Defendant violated the condition that he not commit any other federal, state, or local crime. On February 12, 2010, he was arrested by the Knoxville Police Department (KPD) for aggravated assault. The Defendant was involved in

a domestic dispute with the victim Ms. Monroe in a parking lot. Ms. Monroe hit the Defendant's car, and he put a gun to her window, threatened to shoot her, and then shot into the air. The Defendant then ran from the scene. KPD later recovered a shell casing from that area.

Ms. Monger Lay also stated that the Defendant was arrested by KPD on May 4, 2010. The police had received a report of a shooting. They stopped the Defendant's car because it matched the description of the car involved in the shooting. The Defendant fled on foot into a public housing project but was apprehended. Victor Johnson, a convicted felon, was a passenger in the Defendant's car . The Defendant was also arrested for criminal trespass on May 5, 2010, when KPD officers saw him in a public housing project.

Ms. Monger Lay testified that the Defendant violated a second condition of his release, that he not associate with convicted felons, when he was arrested on May 4 in the company of Victor Johnson. At the time of the arrest, Mr. Johnson was on parole for convictions of attempted second degree murder and possession of cocaine. Mr. Johnson also has a prior conviction for possession of a handgun with intent to go armed. Ms. Monger Lay testified that the Defendant violated a third condition of his supervised release when he failed to report the May 5, 2010 arrest to her within seventy-two hours. She stated that the Defendant had been convicted of assault and fleeing in 1992 and two counts of assault and resisting arrest in 1996.

On cross-examination, Ms. Monger Lay stated Mr. Johnson was convicted of attempted second degree murder during the time that the Defendant was in jail from 2000 to 2009. She did not know if Mr. Johnson had to wear an electronic monitoring bracelet. Ms. Monger Lay testified that Ms. Monroe called her twice. The first time, Ms. Monroe told Ms. Monger Lay that she rammed the Defendant's car with her car because she saw him talking with another female. Ms. Monroe

3

knew that the Defendant was married, but she was pregnant with his child. Ms. Monroe told Ms. Monger Lay that she heard gunshots during her altercation with the Defendant, but she did not mention that the Defendant had a gun. Ms. Monroe called Ms. Monger Lay a second time and said that she was tired of lying and that she wanted to tell the truth. On this occasion, Ms. Monroe told Ms. Monger Lay that the Defendant had a gun during their February 2010 encounter, that he had pointed it at her, and that he had shot it into the air. Ms. Monroe did not claim to be calling at anyone else's request.

With regard to the Defendant's arrest on May 5, 2010, Ms. Monger Lay testified that he was arrested on Knoxville Community Development Corporation (KCDC) property. Ms. Monger Lay did not know if this was the same property on which he was charged with trespassing on May 4, 2010. She agreed that the Defendant had been reporting to her as directed. When she had previously conducted a "walk-through" of the Defendant's home, she saw no signs of weapons or ammunition. She stated that the Defendant had not had any positive drug screens and that he had done all that she had asked of him, with the exception of the present violations.

The Government argued that the Defendant was a clear danger to the community. Both the February 2010 arrest and the May 4 arrest involved the use or potential use of a firearm, which was a crime for the Defendant who is a convicted felon. Although one of the Defendant's arrest warrants was based upon the affidavit of Ms. Monroe, three others were based upon the observations of police officers. The forty-one-year-old Defendant had been released from prison for eight months and, in that time, had been arrested three times, one of which he did not report to his probation officer. He also was associating with a convicted felon. The Government also contended that the Defendant is a flight risk due to his pending charge for evading arrest and his prior convictions for fleeing and

4

resisting arrest. Although the Defendant bears the burden in this case, the Government argued that it had shown by clear and convincing evidence that the Defendant was both a danger and a flight risk.

The Defendant argued that with regard to the February 2010 incident, Ms. Monroe had admitted that she had lied and had told conflicting stories to the probation officer. The Defendant had agreed to a protective order and had been attending anger management sessions. He had no way to know that the passenger in his car on May 4, 2010, was a convicted felon. The Defendant contended that he should not have run from the police and should have told his probation officer about his May 5 arrest, but that he did have ties to the community and was not a danger. He asserted that the suggested conditions would keep him at home and protect the community.

A person's release or detention pending a hearing on the revocation of supervised release is governed by Federal Rule of Criminal Procedure 32.1(a)(6): "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Section 3143(a) provides that the Court must detain the defendant unless it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3142(a).

For the reasons set forth more fully on the record at the May 26 detention hearing, the Court finds that the Defendant has failed to show by clear and convincing evidence that he would not be a danger to the community or a flight risk. The Court examined the section 3142(g) factors and found all of them to weigh in favor of detention. The alleged violations involve both violence and firearms, see 18 U.S.C. §3142(g)(1), and the Defendant admitted that he had failed to report his May

5

arrest to his probation officer, see 18 U.S.C. §3142(g)(2). Although the Defendant has some family ties to the district, the evidence presented and proffered causes the Court to question the depth of those ties, and his length of residence in the community since his incarceration is brief. See 18 U.S.C. §3142(g)(3)(a). The Defendant is unemployed and his criminal history involves prior convictions for assault, drug possession, flight, and resisting arrest. See 18 U.S.C. §3142(g)(3)(a). Despite his apparent current progress as reflected by negative drug screens, the Defendant's presentence report reflects a lengthy history of marijuana use. See 18 U.S.C. §3142(g)(3)(a). The Defendant was on supervised release at the time of the instant violations. See 18 U.S.C. §3142(g)(3)(b).

Finally, with regard to the nature and seriousness of the danger to the community posed by the Defendant's release, the Court observes that within four months of his release from a nine-year-prison term, the Defendant is alleged to have fired a gun and fled from the police. Two and one-half months later, he is alleged to have associated with a convicted felon. The Court finds this factor also weighs in favor of detention. See 18 U.S.C. §3142(g)(4). After reviewing the evidence in light of these factors, the Court concludes that the Defendant is not able or willing to follow the conditions of supervised release or the law. Furthermore, the Court finds that there are no conditions or combination of conditions of release that would reasonably assure the Court that the Defendant would not pose a danger if released or would appear as required. None of the conditions proposed by the Defendant can reasonably assure the Court that he would be able to conform his behavior to the conditions required of him. Accordingly, the Court **ORDERS** that the Defendant be detained pending his June 7, 2010 revocation hearing before Judge Varlan.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge